## Logan Martin, Appellant, v. The Pennsylvania Railroad Company.

*Negligence—Railroads—Stop, look and listen—Grade crossings.*

In an action to recover damages for personal injuries it appeared that the girl injured, and a companion approached a public grade crossing of the defendant railroad company's road at a point where there were four tracks. An engine with one car was standing on the first track to the left of the girl and her companion; an engine with a train of box cars was standing to their right on the third track, and a passenger train was approaching on the fourth track. They considered and discussed the chance of crossing in safety before these engines would move, and decided to attempt to cross. They ran rapidly with their heads down, looking at the ground, and stepped directly in front of a moving train on the fourth track. The evidence showed that they did not at any time before crossing, or while in the act of crossing, look or listen for an approaching train. The passenger train was running at a moderate rate of speed, notice of its approach had been given by the blowing of the whistle and the ringing of the bell, and actual notice of the danger was given to the person injured by an employee of the company who was between the tracks at the crossing. *Held,* that a nonsuit was properly entered.

Argued April 23, 1896. Appeal, No. 120, Jan. T., 1896, by plaintiff, from judgment of C. P. Huntingdon Co., May T., 1895, No. 31, refusing to take off nonsuit. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries to plaintiff's daughter. Before LOVE, P. J., of the 49th judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

The court below entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Warren B. Simpson,* with him *J. R. Simpson,* for appellant, cited on the question of defendant's negligence: R. R. v. Killips, 88 Pa. 405; P. R. R. v. Ackerman, 74 Pa. 265; R. R. v. Horst, 110 Pa. 226; C. & P. R. R. v. Rowan, 66 Pa. 393; P. R. R. v. White, 88 Pa. 327.

Cited on the question of contributory negligence : R. R. v. Werner, 89 Pa. 59; McNeal v. Ry. Co., 131 Pa. 184; Schun v. R. R., 107 Pa. 8; R. R. v. Weiss, 87 Pa. 447; Ely v. R. R., 158 Pa. 233; Fisher v. Ry. Co., 131 Pa. 292; Glase v. Phila., 169 Pa. 488; R. R. v. Werner, 89 Pa. 59; Haverstick v. R. R., 171 Pa. 101; R. R. v. Garvey, 108 Pa. 369; Whitman v. P. R. R., 156 Pa. 175; Groner v. D. & H. C. Co., 153 Pa. 390; Neiman v. D. & H. C. Co., 149 Pa. 92; Davidson v. R. R., 171 Pa. 522.

*J. D. Dorris,* with him *W. Dorris,* for appellee, cited on the question of contributory negligence : Aiken v. P. R. R., 130 Pa. 380; R. R. v. Heileman, 49 Pa. 60; R. R. v. Beale, 73 Pa. 504; Myers v. B. & O. R. R., 150 Pa. 386; P. R. R. v. Mooney, 126 Pa. 252.

OPINION BY MR. JUSTICE FELL, July 15, 1896 :

When the plaintiff's daughter and her companion approached the crossing of the defendant's road an engine with one car was standing to their · left on the first track, an engine with a train of box cars was standing to their right on the third track, and a passenger train was approaching on the fourth track. Their whole attention was given to the standing engines. They considered and discussed the chance of crossing in safety before these engines would move, and decided to attempt to cross. They ran rapidly with their heads down, looking at the ground, and stepped directly in front of a moving train on the fourth track. They did not at any time before crossing or while in the act of crossing look or listen for an approaching train. Before they had crossed the first track they were twice warned by men who saw the danger into which they were rushing to look out for the train on the fourth track. This warning was unheeded, probably because they thought it related to the danger from the standing engines. They were familiar with the locality ; there was nothing in the surroundings to mislead them or to relax their vigilance. All of the dangers of the situation were apparent. They considered the least only, and gave no attention to the greater. Whether they stopped at the crossing or before reaching it, or only slackened their pace when they heard the warning, is left in doubt by the testimony ; but it was

established that they did not at any time look or listen for an approaching train. Their failure to do so defeats the right of the plaintiff to recover.

The nonsuit might well be sustained for the additional reason that it did not appear that there had been any negligence on the part of the defendant. The passenger train was running at a moderate rate of speed, notice of its approach had been given by the blowing of the whistle and the ringing of the bell, and actual notice of the danger was given to the persons injured by an employee of the company who was between the tracks at the crossing.

The judgment is affirmed.